## Cox and Another *v.* Wallace.

Debt against *A.* and *B.* on a promissory note. Plea, that at the time of making the note, the plaintiff, by an article of agreement which was a part of the contract that gave rise to the note, agreed with *A.*, who was the principal debtor, that if he, *A.*, after having made every reasonable exertion to pay the note at its maturity, should not be able to do it, the plaintiff would take goods for the debt, or give the defendants further time till *A.* should be able to pay it without sacrificing property; that the defendants had been, at all times, ready to pay the amount due on the note in goods; and that they could not, at the time of the plea pleaded, pay the debt without a sacrifice of property.

*Held*, on general demurrer, that the plea was insufficient.

APPEAL from the *Fountain* Circuit Court.

*Thursday, November* 21.

Dewey, J.—Debt by *Wallace* against *Cox* and *Crane* upon a promissory note. The defendants pleaded, that, at the time of making the note, the plaintiff, by an article of agreement which was a part of the contract that gave rise to the note, agreed with *Cox*, who was the principal debtor, that if he, *Cox*, after having made every reasonable exertion to pay the note at its maturity, should not be able to do it, the plaintiff would take goods for the debt, or give the defendants further time until *Cox* should be able to pay it without sacrificing property; that the defendants had been, at all times, ready to pay the amount due on the note in goods; and that they could not, at the time of the plea pleaded, pay the debt without a sacrifice of property. The plaintiff demurred generally; demurrer sustained; and judgment for the plaintiff.

This decision is evidently right. If the plea were liable

Nov. Term,
1839.

to no other objection, it is most obviously bad, because it does not aver that *Cox*, having made reasonable effort to do so, was not able to pay the note at its maturity. That was the condition upon which the mode of payment was to be changed, or further time given. The readiness of the defendants to discharge the note in goods, or their inability to pay the debt at the time of pleading without sacrificing property, was not a performance of the condition, and could not, therefore, constitute a defence to the action.

*Per Curiam.*—The judgment is affirmed, with 4 *per cent.* damages and costs.

*P. Sweetser*, for the appellants.
*R. A. Chandler* and *D. Mace*, for the appellee.