May Term, 1857.

THE BOARD OF COMMISSIONERS OF UNION COUNTY *v.* MASON.

A complaint on an order of a county board, payable out of the three per cent. fund "as fast as the same shall accrue to the county," alleging that no part of that fund has accrued, is bad on demurrer.

Such complaint must allege that the county has received money from that fund, with which the order, or part of it, might have been paid; or that the order was fraudulently drawn upon a fund in which the county had no assets.

Where such an order is made to two, jointly, *quære,* whether one can assign his interest to the other, so as to enable him to maintain an action in his own name.

The order in this case was made in payment of money advanced by commissioners appointed by c. 17, Loc. Laws, 1837, to build a bridge, to be paid for out of the three per cent. fund due to the county by an act of the same year. Other orders were issued for the payment of interest on the original order, out of the same fund. *Held,* that a count upon the orders cannot be regarded as a count for work and labor.

APPEAL from the *Union* Circuit Court.

Wednesday, May 27.

STUART, J.—Complaint by *Mason,* against the board of commissioners of *Union* county.

It appears that the legislature of 1837 appropriated 1,200 dollars of the three per cent. fund for the erection of a bridge in *Union* county. Commissioners were appointed to superintend its erection. The further sum of 400 dollars, necessary to complete the bridge, was donated by the board of commissioners of *Union* county, out of the three per cent. fund due that county. R. S. 1838, p. 586, 587. The fund thus drawn upon by the county board, was not then in their hands, and has never been realized. In anticipation, however, *Beard* and *Mason,* two of the superintending commissioners under the act of 1837, (Loc. Laws, 1837, p. 31,) advanced the 400 dollars out of their own funds, and finished the work. The board of commissioners accepted the bridge, and ordered the 400 dollars to be paid to *Beard* and *Mason,* out of the three per cent. fund, "as fast as the same should accrue."

*Beard* assigned his interest to *Mason.* Afterwards, at the *December* term, 1848, *Mason,* as sole owner, presented to the board of county commissioners their former order in favor of *Beard* and *Mason,* as bridge commissioners, which

VOL. IX.—7

May Term,
1857.

THE BOARD
OF COMM'ERS
OF UNION CO.
v.
MASON.

was yet unpaid. The language of the order is so specific, and so conclusive, that it is set out in substance.

"Be it remembered, that on this day, viz., *December* 5, 1848, *Adam Mason* presented, as sole owner, a certain order of this Court, made at the *May* term, 1839, for the sum of 400 dollars, to be paid out of the three per cent. fund, in favor of the bridge commissioners, which order remains unpaid for want of funds accruing to said three per cent. fund; in consideration whereof, the board ordered and decreed that an additional order be issued in favor of the said *Adam Mason*, for the sum of 96 dollars, being the interest on said original order, calculated at three per cent., to be paid out of the three per cent. fund, as fast as the same accrues to the county; and it is further ordered that this order for 96 dollars and the original order for 400 dollars, bear interest from and after this date, at the rate of six per cent. per annum, until paid,—which principal and interest shall be paid out of said three per cent. fund, as fast as the same accrues to the said county of *Union*,—it being expressly understood and agreed to, that this board, nor any fund placed under its care, shall not be made responsible for the payment of the orders aforesaid, unless they are already responsible for said payment by the original order."

Demurrer to the complaint overruled. The other numerous issues of law and fact to which the pleadings led, need not be noticed. The demurrer to the complaint covers the material question in the case. Jury trial; verdict and judgment for *Mason*. The county appeals.

In one view of the case, it might be material to inquire whether, admitting the order to be assignable, *Beard* could assign to *Mason*, so as to enable the latter to maintain an action in his own name.

It was also material to be alleged and proved, that the county had received money from the three per cent. fund, with which she might have paid the order, or some part of it; or that the order was fraudulently drawn on a fund in which the county had no assets. Instead of that, the com-

plaint avers that the county had not received any such fund. This alone was fatal to *Mason's* case on demurrer.

May Term, 1857.

The complaint counts upon the orders, and the action of the board above recited. It cannot be regarded as a count for work and labor. And if it were, then *Mason* is not within the statute of limitations, which is pleaded, and is a good bar to his action in that direction.

THE BOARD
OF COMM'ERS
OF UNION CO.
v.
MASON.

The proceedings of the board clearly show, that it was never contemplated to make the county liable in any other way, or out of any other fund than the three per cent. fund. That is the fund expressly mentioned in the original order to *Beard* and *Mason*. It is to be paid out of the three per cent. fund, as fast as that accrues. The order for interest is payable out of the same fund. And the idea of any other liability is very explicitly negatived in the order of *December*, 1848, above copied. The exception stated, unless they were liable on the original order, amounts to nothing. For that order devolved no liability on the county until she had received money from the three per cent. fund.

Hence, it is unnecessary to examine the question of consideration, and whether the county was authorized to make the order. The board made no order or promise binding the county, or any fund controlled by the county, except the anticipated three per cent. fund. When the county has realized that fund, *Beard* and *Mason's* right of action will have matured, and it will be time enough then to inquire into the power of the board to make the orders.

The demurrer to the complaint was well taken, and should have been sustained.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. S. Reid* and *J. F. Gardner*, for the appellants.

*J. Yaryan*, for the appellee.