The Tell City Furniture Co. v. Nees.

---

## The Tell City Furniture Company v. Nees.

CORPORATION.—*Articles of Association.*—*Stipulation as to Payment of Wages.* —*Interest.*—A stipulation in the articles of association of a corporation organized under the laws of this State, providing that each member of the association "shall receive his wages in cash, if demanded, and the treasury will allow it," and that a specified rate of interest shall be allowed him on a "balance" of a certain amount due him, is binding upon each of such members.

SAME.— *Words and Phrases.*—The term "wages," as used in such stipulation,

reasonably includes wages due to a member for work and labor performed by him for the corporation.

SAME.—*Demand.*—Recovery for such wages can not be had by a member of such corporation unless. he first make demand therefor, and the condition of the treasury is such that payment can be made.

SAME.—*Plea in Abatement of Action.*—An answer setting out such stipulation, and averring that the plaintiff was and is a member of the corporation, that the matter in suit is wages for labor performed by him, that he had made no demand, and that the condition of the treasury is such that payment can not be made, is sufficient on demurrer.

SAME.—*Verification.*—*Demurrer.*—The fact that such answer is not sworn to is not presented by a demurrer thereto.

From the Perry Circuit Court.

*C. A. DeBruler* and *E. R. Hatfield,* for appellant.

*S. Joseph, Jr.,* and *S. B Hatfield,* for appellee.

PERKINS, J.—Suit on an account for work and labor, etc.

Demurrer to the complaint, for want of sufficient facts, overruled, and exception entered.

The defendant below, the appellant here, answered as follows:

" The said defendant, for answer to the plaintiff's complaint herein, says, that the plaintiff ought not to maintain this action, because the defendant is a corporation organized and existing under the laws of the State of Indiana, under articles of association; that the said plaintiff was one of the original incorporators, and duly signed and executed said articles of association, and that he has ever since been, and now is, a member and stockholder of said corporation, owning and holding forty shares of fifty dollars each, amounting to two thousand dollars, of the stock of said corporation; that, by the terms of the 7th section of said articles of association, a copy of which is filed herewith, as a part hereof, it is provided, that every member shall receive his wages in cash, if demanded, and the treasury will allow it; and the defendant expressly avers, that all of the indebtedness set forth in plaintiff's complaint is for wages for work and labor performed by

plaintiff as a member and stockholder of said corporation, under said articles of association, in and about the business of the defendant; that the treasurer of the defendant, from time to time, pays to its employees and laborers their wages, most of whom are members and stockholders of said corporation, such sums of money as may be in the treasury of defendant, paying to each employee his *pro rata* part of all the moneys in the treasury; that, owing to the pressure of the times, there is not now, nor was there at the commencement of this action, nor for a long time before, any money in the treasury of the defendant to pay plaintiff or the other stockholders and members his and their claims for wages, and for that reason alone the treasurer has for some months failed to pay this plaintiff and the other members, though said corporation is solvent and able to pay all its indebtedness; that the money to pay said wages must be obtained and received from the sale of furniture manufactured by the company, that being its exclusive business; that the corporation has now, and for eight months past has had, a large amount of first class furniture in store, and is still manufacturing large amounts, and is now, and has been for many months, making every effort to sell said furniture in different parts of the country; that defendant has a trade for the sale of furniture of its manufacture in all the States bordering on the Ohio and Mississippi rivers, from Tell City, Indiana, to New Orleans, Louisiana, extending into the State of Texas, and various other parts, and will be able, with the revival of business in the Southern States, to sell sufficient furniture now manufactured to pay off all its debts; that the plaintiff is unpaid for the reason expressed in said 7th section of the articles of association, that the " treasury would not allow it," which said section is still in full force and effect, and was signed by all the stockholders, being eighteen in number, including the plaintiff.

Wherefore defendant says, it is not now liable to pay said claim for wages, and therefore prays judgment for costs, and all proper relief."

COPY OF THE SEVENTH SECTION OF THE ARTICLES OF ASSO-
CIATION.

" Section 7. Every member shall receive his wages in cash, if demanded, and the treasury will allow it. If a member has a balance of one hundred dollars, he shall receive six per cent. interest for the same, from date."

   (Signed),              " JOHN A. HARRER,
                            " HENRI AHLF,
                          " PHILIP GRIMMERSIN,
                          " ERNEST NEES,
                          " CHARLES REICH,

"And thirteen others."

Demurrer to this paragraph of answer, for want of facts, was sustained, and exception taken.

The defendant refused to answer further, and the court, having heard the proof adduced by the plaintiff, rendered judgment in his favor, for the amount of the account sued upon, and costs.

The defendant appealed to this court, and assigned for error the sustaining of the demurrer of the appellee to the appellant's answer.

Parties who voluntarily form themselves into business corporations, under statutes, may bind themselves by reasonable provisions in their articles of association or by-laws, the statutes not prohibiting it. Field Corporations, sec. 294.

They must not be in violation of the constitution and laws of the State, nor of the particular law under which the association is organized. The provision in the articles of organization of the appellant, that " Every member shall receive his wages in cash, if demanded, and the treasury

will allow it," and that, when the balance due a member is one hundred dollars, he shall receive six per cent. interest thereon, is not in violation of the common law, as to the power to make contracts. Contracts between individuals, to pay when a party is able, are valid. 1 Daniel Negotiable Instruments, 34 ; *Nunez* v. *Dautel,* 19 Wal. 560 ; *Veasey* v. *Reeves,* 6 Ind. 406 ; *Cox* v. *Wallace,* 5 Blackf. 199 ; *Barnett* v. *Bullett,* 11 Ind. 310.

The above cases differ somewhat, in their facts, from that at bar. In it, payment is to be made upon the existence of two specified facts, viz., cash in the treasury of the corporation, applicable to the payment of the claim of a member, and a demand, by the member, of payment out of such cash to him, on a just claim against the corporation.

We have an authority much in point in the case before us. In *Toram* v. *The Howard, etc., Association,* 4 Pa. State, 519, it is decided, as applicable to that case, which is identical in principle with the one in judgment, that :

" The corporation is bound by the fundamental articles, to pay only when it is in funds ; and it has determined that it is not. As the plaintiff, in becoming a corporator, assented to its acts prospectively to be done, according to the charter of its constitution, he is concluded by the decision of his own forum."

As, in the present case, no decision of any corporate forum appears, we hold that it may be shown, on the trial of this cause, that the condition of the treasury would have allowed cash payment of the claim sued on, the question being raised by issue. Counsel for the appellee do not insist that the provision in question, in the charter, is void, but they insist that the allegations of the answer do not show that the plaintiff's claim is embraced by it. We think they do ; and, such being the fact, the answer also shows conditions precedent to the plaintiff's right to

recover, which have not been fulfilled. *The Board, etc.,* v. *Mason,* 9 Ind. 97.

It shows that the plaintiff performed the work, to recover for which he sues, under a provision of the charter, as we may call it, amounting to a contract, as to compensation for it, that he was only to be paid in cash on special demand therefor, and when the treasury of the corporation was in cash funds wherewith to pay. When it was not in cash funds, he would necessarily give credit to the corporation, receiving interest on his dues according to the articles of organization, or take his pay in manufactured or other specific articles. It could only be known to the corporation that the plaintiff wished for cash by a demand.

It is objected to the answer, that it contained matter in abatement, and was not sworn to. It was objected to only by a demurrer for want of facts.

Judgment reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.