RICHARD F. BARNES, AS ADMINISTRATOR OF THE ESTATE OF JACQUELINE BARNES, DECEASED *v*. PATRICIA E. DEVILLE.

[No. 472A162. Filed March 6, 1973.]

*James R. Cotner*, of Bloomington, *Roger L. Pardieck, Montgomery, Elsner & Pardieck*, of Seymour, for appellant.

*Hugh Watson, Locke, Reynolds, Boyd & Weisell*, of Indianapolis, *Bruce Markel, Jr.*, of Brownstown, for appellee.

LOWDERMILK, J.—This appeal arises out of an action brought by the appellant, Administrator of the estate of the decedent, for damages and wrongful death of the decedent resulting from an automobile accident.

Decedent was a guest passenger in the automobile driven by appellee.

Trial was had by jury, with a verdict for the defendant and judgment rendered thereon. Appellant timely filed his motion to correct errors. This appeal follows the overruling of said motion.

Appellee met the appellant's decedent ("Decedent") in the afternoon of June 21, 1972, at the home of Decedent's brother-in-law. A small party was taking place, with a moderate amount of liquor being consumed. The evidence shows that appellee had approximately two drinks, Tom Collins. A picnic had been planned near Brown County State Park for later in the afternoon. Appellee, along with other members present at the party, left and drove to the site of the picnic which was approximately four miles away. Upon arriving at the picnic site appellee and Decedent engaged in a conversation and discovered they had a mutual interest in sports cars. Appellee and Decedent left the picnic site with the purpose of showing off appellee's new Fiat. No destination was planned.

While out for this ride the appellee and Decedent went to see another sports car owned by the appellee. After viewing the second sports car the pair proceeded back toward the picnic site, with the appellee driving and Decedent a guest passenger riding in the right seat of the Fiat convertible.

Evidence shows that the top was down, since the sun was shining and it was a nice day. This trip lasted approximately an hour and a half.

Appellee, in driving back to the picnic, drove over Grandma Barnes Road, Highway 135 North, and turned onto Greasy Creek Road. The evidence shows that the appellee was quite familiar with Greasy Creek Road, as she had had occasion to drive over the same. Appellee testified that she could remember driving on Greasy Creek Road where the road was straight and was traversing a grassy meadow. At this point the road changes in character, with several general "S" curves and hills, but appellee testified she could not remember entering this section of the road. At this point the evidence shows that the car left skid marks for approximately sixty feet, struck an embankment on the side of the road, flipped over on its top, and skidded on its top for approximately ninety feet before coming to a stop. Decedent was killed in this accident.

There was testimony that Greasy Creek Road, at the point of the accident, was a dangerous road due to its narrowness and the growth of weeds, et cetera, along the sides of the road.

The first issue raised by appellant under the motion to correct errors is that the trial court erred in refusing plaintiff's tendered Instruction No. 4, which reads as follows:

> "The plaintiff need not prove that the defendant had actual knowledge that injury would result from his (sic) wanton misconduct. If the circumstances are such that reasonable men would know and conclude that their conduct under such circumstances entailed a probability of injury, then the driver of the motor vehicle is chargeable with this knowledge."

Appellant contends that the instruction is not only a correct statement of the law, but is based on the appellant's theory of the case and is supported by evidence adduced during

the trial. Appellant cites the case of *Lavengood* v. *Lavengood* (1947), 225 Ind. 206, 73 N.E.2d 685, wherein our Supreme Court stated as follows:

> "A party who makes a proper request is entitled to have an instruction based upon his own theory of the case if within the issues and there is any evidence fairly tending to support it. . . ."

Appellant contends that there was evidence before the jury by which the jury could have found that a reasonable man under the circumstances would have had knowledge of the probability of injury. Appellant argues that the general instruction defining wanton misconduct would have led the jury to believe that they must find that the appellee was required to have actual knowledge of the probability of injury.

Appellee contends that the trial court properly instructed the jury on wanton or willful misconduct and properly refused plaintiff's tendered Instruction No. 4. It is appellee's position that the instructions given defining wanton or willful misconduct were adequate and did not require appellant to prove actual knowledge but were sufficiently broad to let the jury also consider constructive knowledge.

Plaintiff-appellant's tendered Instruction No. 4 attempted to inform the jury that the knowledge required as an element of wanton misconduct could be either actual or constructive. This instruction was taken substantially from the case of *Mazza* v. *Kelly* (1970), 147 Ind. App. 33, 258 N.E.2d 171. Judge Sullivan, in *Mazza*, after discussing wanton or willful misconduct, stated as follows:

> ". . . Appellant need not prove that appellee had actual knowledge that injury would probably result from his wanton misconduct. Rather, if the circumstances are such that reasonable men would know and conclude that their conduct under such circumstances entailed a probability of injury then the driver of a motor vehicle is chargeable with this knowledge. . . ."

This case is a correct statement of the Indiana law regarding the knowledge required under the definition of wanton misconduct.

Appellee states that there is language from other Indiana cases "which seems to indicate actual knowledge is required" and cites *Sausaman* v. *Leininger* (1957), 237 Ind. 508, 146 N.E.2d 414; and *Brueckner* v. *Jones* (1970), 146 Ind. App. 314, 255 N.E.2d 535, 543. Appellee further states that this court need not decide the question of whether actual knowledge is required.

In *Sausaman, supra,* our Supreme Court said:

". . . He was chargeable, as are reasonable men of ordinary intelligence, with knowledge that his conduct was accompanied by a high degree of probability that injury to his guests would result therefrom . . . *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N.E.2d 836."

In *Brueckner, supra,* Judge Sharp of this court set out the guidelines established since 1937 by our Supreme Court and this court for trial courts to follow in evaluating guest cases and stated:

". . . An examination of these authorities indicates:

\* \* \*

(d) the host must have had actual knowledge of danger confronting the guest."

While it is true that Judge Sharp made this statement in *Brueckner, supra,* we must necessarily distinguish *Brueckner* from the *Mazza* case, *supra,* which was handed down subsequent to *Brueckner* and which adopted the new rule that we have determined is presently the law and supplements and supersedes specification (d) of the guidelines established in *Brueckner, supra.*

Appellant admits that the trial court did instruct the jury on wanton or willful misconduct in at least three different instructions. Two of these instructions contained definitions

taken from appellant's tendered instructions and the third was from Indiana Pattern Jury Instructions No. 5.71, on wanton or willful misconduct. It is appellant's position that although the court did instruct the jury in general terms on wanton misconduct, the jury was not instructed that the appellee could have had actual or constructive knowledge that injury might result from her wanton misconduct.

It is a well settled rule in Indiana that, where instructions adequately and fully instruct the jury on the issues of the case, it is not necessary to repeat or duplicate instructions. The rule is also well settled that an instruction may be properly refused even though it is a correct statement of the law and is supported by evidence, where other instructions have sufficiently covered the area.

However, it is erroneous for the court to refuse instructions on essential elements of the case which are supported by evidence where only a general instruction was given to cover that area. The case of *Baltimore, etc. R. Co.* v. *Peck* (1913), 53 Ind. App. 281, 101 N.E. 674, stated the rule as follows:

". . . The giving of a general instruction does not authorize the refusal of a particular instruction, applicable to the issues and the evidence. . . . A party upon a proper request is entitled to have an instruction given on its own theory of the case if there is evidence fairly tending to support it. . . ." See, also, *Fleming* v. *State* (1894), 136 Ind. 149, 154, 36 N.E. 154.

It is our opinion that plaintiff's tendered Instruction No. 4 was a correct statement of the law, was supported by evidence and was based on plaintiff's theory of the case. While the court did instruct the jury several times on wanton or willful misconduct and did define wanton or willful misconduct in various ways, as hereinbefore stated, we find no instruction or combination of instructions that would inform the jury that the knowledge required under wanton misconduct could

be actual *or* the knowledge of a reasonable man that there was a probability of injury, i.e., constructive knowledge.

We can find no case law which requires that this instruction be given, but since *knowledge* has been so recently defined in *Mazza, supra,* as being actual or constructive, we think it is quite proper that plaintiff's tendered Instruction No. 4 should have been given. In our opinion, the court's failure to give to the jury plaintiff's tendered Instruction No. 4 was prejudicial to the plaintiff-appellant, and it is our opinion that the court erred when it refused to give said tendered instruction. The jury could very well have believed that the appellee was required to have actual knowledge and since appellant's theory of the case was based, at least in part on constructive knowledge the instruction setting out constructive knowledge was proper and essential to appellant's case.

While we do not hold that the trial court is required in every guest case to instruct the jury that the knowledge element of wanton misconduct may be actual or constructive, we do hold that where such an instruction is tendered and is supported by evidence and is consistent with plaintiff's theory of the case, it is error for the court to refuse to give such instruction.

Inasmuch as we have found reversible error as to specification of error 1 a, it is not necessary that we write on other specifications of error. *B. & O. Railroad* v. *Brown* (1972), 154 Ind. App. 660, 290 N.E.2d 742, 34 Ind. Dec. 416; *Selner* v. *Fromm, et al.* (1969), 145 Ind. App. 378, 251 N.E.2d 127.

Judgment reversed and remanded for new trial.

Robertson, P.J. and Lybrook, J., concur.