CECIL F. LAWLYES *v.* JOHN W. TORPY; GEORGE R. SANQUENETTI, SR. *v.* JOHN W. TORPY; GEORGE R. SANQUENETTI, JR. *v.* JOHN W. TORPY.

[No. 1-573A93. Filed September 13, 1973. Rehearing denied October 16, 1973. Transfer denied February 21, 1974.]

*Eric A. Frey, Rosenfeld, Wolfe & Frey,* of Terre Haute, for appellants.

*D. Joe Gabbert, Dix, Patrick, Ratcliffe & Adamson,* of Terre Haute, for appellee.

LOWDERMILK, J.—Plaintiff-appellant, Cecil Lawlyes, was operating a Milwaukee Railroad track car in an easterly direction on the Milwaukee tracks and approached the intersection of 13th Street in Terre Haute, Indiana, in a dense fog. Plaintiffs-appellants George R. Sanquenetti, Sr. and George R. Sanquenetti, Jr. were fellow employees, as was Henry Williams, and all of whom were in the railroad track car. Lawlyes stopped the railroad track car about ten feet from 13th Street, and Henry Williams left the same with a lighted flare to stop traffic on 13th. The southbound vehicle crossed

the tracks and while Williams was waving the burning fusee defendant-appellee approached the track from the south at a speed he testified was about 30 miles per hour, came so close to Mr. Williams he brushed his clothing, and drove into the railroad track car which had proceeded into and was crossing the intersection. The collision resulted in the three plaintiffs-appellants sustaining personal injuries and for which each of them filed his separate action for damages.

The three suits were consolidated for trial. A trial by jury resulted in a verdict for the defendant-appellee in all three of the cases.

Each of the plaintiffs timely filed his motion to correct errors which was by the court overruled and the appeal was perfected with each plaintiff joining as an appellant.

Specification A of the motion to correct errors charges the trial court with erroneously sustaining objections made by counsel for defendant to the cross examination of the defendant. The facts are that plaintiffs read a portion of the deposition of defendant-appellee Torpy in their case in chief. Plaintiffs-appellants rested their case after which defendant-appellee presented himself as the only witness for the defense and was asked the following question to which he made the following answer:

> "Q. Was your sworn statement about this accident read to the jury yesterday by Mr. Frey?
> A. Yes, Sir.
> Mr. Gabbert: That's all I have. Your witness."

Plaintiffs-appellants cross examined Mr. Torpy and asked him the following question:

> "Q. Mr. Torpy, was the statement correct that you made in the sworn statement yesterday that you may have been traveling thirty miles an hour at the time of impact?"

Objection was made and the record challenged for the reason that the witness had not made that statement. The court sustained the objection.

Mr. Torpy was then asked the following question:

"Q. Mr. Torpy, did I understand you to testify that as you reached the fog that you said you ran into you were driving thirty miles an hour?"

Objection was made for the reason it was outside the scope of the direct examination and said objection was by the court sustained.

The witness was asked two more questions to which he answered in the affirmative that the statements made in his sworn statement which had been read to the jury were true.

We hold that as to question number one there was no error for the reason that counsel had mistakenly quoted from the record and there was no error as to question number two for the reason that the witness was asked about testifying the day before and he had not testified. They had read his sworn statement in evidence and, therefore, the question was outside the scope of the direct examination and there was no abuse of discretion on the part of the trial court. *Sowders* v. *Murray* (1972), 151 Ind. App. 518, 280 N.E.2d 630.

Appellants contend, in specification C, that the trial court erred by refusing certain instructions tendered by them. The first of these instructions (plaintiffs' tendered Instruction No. 1) was to the effect that the appellant Lawyles had the right to assume that persons operating motor vehicles upon the public highways would obey the traffice laws and would use reasonable care.

While it is true that no other instruction given to the jury touched specifically on the plaintiffs' right to assume the operator of a motor vehicle on the public highways would obey the law, we are of the opinion that the other instructions given to the jury adequately ad-

vised the jury of the rights of the parties and that the failure to give said tendered Instruction No. 1, if error, was harmless error as such failure was not prejudicial to the appellants.

Appellants next complain, in specifications D and E, of the court's refusal to give to the jury plaintiffs' tendered Instructions No. 5 and 6 which would have informed the jury of a driver's duty on public highways to keep a reasonable look out and to keep his car under control. It is our opinion that the court's Instruction No. 5, which was given to the jury, fully and adequately instructed the jury on these issues and no error was committed by the court's refusal to give said tendered instructions of the plaintiffs-appellants. *Shack* v. *State* (1972), 259 Ind. 450, 288 N.E.2d 155.

Appellants also complain of the court's refusal to give plaintiffs' tendered Instruction No. 8, which calls attention to the fact a railroad crossing is a known place of danger and restates, in different words, the proposition of reasonable care and keeping a proper look out. This instruction, in our opinion, adds nothing which would help a jury in arriving at its verdict and the failure to give the same was not error and if it were error not to give the instruction it was harmless error.

Plaintiffs-appellants' specification of error B is that the court erred in refusing to instruct the jury that the negligence of one plaintiff could not be imputed to another. Plaintiffs' tendered Instruction No. 9 on this subject is as follows:

"Plaintiffs' Instruction No. 9

I instruct you, members of the jury, that the negligence, if any, of the driver of the motor track car in which plaintiffs George Sanquenetti, Sr., and George Sanquenetti, Jr., were riding cannot be imputed to the Sanquenettis, and if you find by a preponderance of the evidence that the injuries to the Sanquenettis were proximately caused by the negligence of both the defendant and the operator of the motor track car, Cecil Lawlyes, or by the sole negligence

of the defendant, then I instruct you that the Sanquenettis would be entitled to recover from the defendant if you further find that the Sanquenettis had themselves exercised reasonable and ordinary care for their own safety."

21 I. L. E., *Negligence,* § 111, p. 360, states:

"Co-employees or fellow servants. Negligence of one person is not imputed to another merely because they are engaged in the service of a common employer; . . ."

In *Mattes* v. *Bruggner* (1928), 88 Ind. App. 36, 159 N.E. 156, the court, in passing on imputed negligence of a truck driver to a fellow servant who was injured while riding with him, did not make the driver's negligence imputable to the plaintiff suing a third party for the third party's negligence. An instruction on imputed negligence was held to be proper.

See, also, *Abbitt, Administratrix* v. *Lake Erie and Western R. W. Co.* (1898), 150 Ind. 498, 50 N.E. 729; *Southern Ind. R. Co.* v. *Davis* (1904), 32 Ind. App. 569, 69 N.E. 550.

We now hold under the evidence in this cause and under the theory of the complaints of plaintiffs-appellants Sanquenetti, Sr. and Sanquenetti, Jr., that plaintiffs' tendered Instruction No. 9 was proper as it pertained to the plaintiffs Sanquenetti, Sr. and Sanquenetti, Jr. and it was reversible error for the court to refuse said instruction as the same was in no way covered by any other instruction tendered by the parties or given by the court. *Barnes* v. *Deville* (1973), 155 Ind. App. 387, 293 N.E.2d 54.

In *Gamble* v. *Lewis* (1949), 227 Ind. 455, 456, 85 N.E.2d 629, our Supreme Court held:

". . . A refusal to give a requested instruction which correctly states the law applicable to the facts in issue is error unless the substance of the requested instruction be covered by other instructions given to the jury. . . ."

The imputed negligence as charged in this cause, if there be any, must move under the pleadings and the evidence and

the tendered Instruction No. 9, from Lawlyes to Sanquenetti, Sr. and Sanquenetti, Jr. and cannot be of benefit to appellant Lawlyes. Thus, the refusal to give plaintiffs' tendered Instruction No. 9 in no way affects the rights of Lawlyes.

This cause is reversed as to the consolidated causes of George R. Sanquenetti, Sr. and George R. Sanquenetti, Jr., and each of which is remanded for a new trial. Rule AP. 15 (M).

The judgment of the trial court as to plaintiff-appellant Lawlyes is hereby affirmed. Rule AP. 15 (M).

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 300 N.E.2d 898.