STANLEY A. JONES *v.* FORESTEEN MOTLEY, DAMON MOTLEY AND SHERRY MOTLEY BY THEIR NEXT FRIEND, JANICE EVANS.

[No. 2-273A49. Filed April 11, 1974.]

*C. Wendell Martin, Thomas A. Withrow, Bredell, Martin & McTurnan,* of Indianapolis, for appellant.

*W. Scott Montross, Townsend, Hovde & Townsend,* of Indianapolis, for appellees.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Stanley A. Jones (Jones) appeals from a jury verdict awarding damages to Plaintiffs-Appellees Foresteen, Damon, and Sherry Motley (the Motleys) for personal injuries sustained in an automobile accident, claiming the evidence was insufficient to support a finding that Jones was guilty of wanton or wilful misconduct within the meaning of the Indiana Guest Statute.

We affirm.

## FACTS

The evidence and facts most favorable to the judgment are:

On May 30, 1967, William Motley and his family (the Plaintiffs-Appellees [the Motleys]), were driven by Jones to

his home on North Riley Street in Indianapolis for a holiday barbecue, arriving there about 2:00 P.M.

Jones spent most of the day tending the barbecue in the back yard and was observed by Mrs. Motley drinking beer, "quite often", throughout the afternoon and evening. Mrs. Motley and others testified that Jones did not appear to be drunk when they prepared to leave about 10:30 P.M.

Jones and the Motleys, together with four other individuals left Jones' residence on North Riley with Jones at the wheel of his newly acquired 1966 Pontiac. The auto was driven "fast" by Jones north for two and one-half blocks at a speed in excess of 35 miles per hour. The Pontiac then turned left on Thirty-Fourth Street heading west at the same "fast" speed.

It was raining, dark, and there was heavy fog restricting visibility. The section of Thirty-Fourth Street onto which Jones turned was a flat, four-lane street which had a posted speed limit of 30 miles per hour. There were automobiles parked in the outside lanes on each side of the street. The center line was painted white. Passing was not prohibited.

As Jones proceeded west along Thirty-Fourth Street Mrs. Motley warned Jones, "Stanley, would you slow down, please, 'cause I'm scared." Jones did not respond to the warning and shortly thereafter attempted to pass another westbound vehicle within 30 feet of the Rural and Thirty-Fourth Street intersection. In doing so, the Pontiac driven by Jones crossed the center line and collided headon with another automobile in the eastbound lane which had its headlights on and was proceeding east on Thirty-Fourth Street.

Officer Don Wright (Wright), the investigating officer for the Indianapolis Police Department, upon arriving found the cars with extensive front-end damage situated in the eastbound lane on Thirty-Fourth Street. Wright testified that Jones had a strong odor of alcohol on his breath and his speech was slurred. Wright checked on his accident report

that Jones was "drunk, obviously drunk," and thereupon arrested him for driving while under the influence, reckless driving, and being drunk. Jones was subsequently found not guilty of these charges.

Trial before a jury returned a verdict for Mrs. (Foresteen) Motley in the amount of $1, and in the amount of $3,500 each for Damon and Sherry Motley.

## ISSUE

Is there sufficient evidence to support the jury's verdict finding Jones guilty of wanton and wilful misconduct in the operation of his automobile within the meaning of the Indiana Guest Statute?

Jones argues the evidence most favorable to his case as to speed, intoxication, warning, etc., claiming his conduct amounted to no more than an error of judgment, i.e., ordinary negligence. In addition, he contends Jones did not display an attitude adverse to his guests, or "of perverseness," which is necessary to constitute wantoness.

Motley adds up the elements of speed, poor visibility, intoxication, crossing the center line into the path of an approaching automobile, and an ignored warning from the guest, all as being more than sufficient to constitute wilful or wanton misconduct.

## DECISION

CONCLUSION—It is our opinion that the evidence was sufficient to support the jury's verdict finding Jones guilty of wilful or wanton misconduct in the operation of his vehicle.

Because the subject of the mental attitude required of a host in a guest case to subject him to liability for wanton and wilful misconduct within the meaning of the Indiana Guest Statute[1] has received recent, frequent, and extensive treat-

---

1. 9-3-3-1 [47-1021]. Guest of owner or operator—Right to damages. —The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries

ment, we only need briefly treat the narrow issue raised by Jones. *See: Barnes* v. *DeVille* (1973), 155 Ind. App. 387, 293 N.E.2d 54; *Tutterow* v. *Brookshire* (1972), 152 Ind. App. 471, 284 N.E.2d 87; *Brooks* v. *Bloom* (1972), 151 Ind. App. 312, 279 N.E.2d 591; *Cheek* v. *Hamlin* (1972), 150 Ind. App. 681, 277 N.E.2d 620; *Schwing* v. *McKibbin* (1970), 148 Ind. App. 222, 264 N.E.2d 629; *Morgan* v. *Reneer* (1970), 148 Ind. App. 90, 264 N.E.2d 71; *Mazza* v. *Kelly* (1970), 147 Ind. App. 33, 258 N.E.2d 171; *Brueckner* v. *Jones* (1970), 146 Ind. App. 314, 255 N.E.2d 535.

The sole ground of Jones' attack on the judgment is that he did not manifest the adverse attitude towards his guests indicating an indifference on his part to the consequences of his conduct. He analyzes and seeks solace from some of the cases cited above . . . solace which is not there.

The mental state or attitude of a host in a wilful or wanton misconduct case has often been described:

> "To hold one guilty of 'wilful' or 'wanton' conduct, it must be shown that he was conscious of his conduct and with knowledge of existing conditions that injury would probably result, and with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some duty which produced the injuries." *Bedwell* v. *DeBolt* (1943), 221 Ind. 600, 607, 50 N.E.2d 875, 878.

And again in *Sausaman* v. *Leininger* (1958), 237 Ind. 508, 514, 146 N.E.2d 414, 418:

> "We concur in the fact that to constitute 'willful or wanton misconduct' there must be a 'perverse motive,' in that the misconduct must be conscious and intentional and of such a nature that under the known existing conditions injury will probably result therefrom."

In *Brueckner* v. *Jones, supra,* the guidelines garnered from previous cases were summarized as follows:

---

to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, *unless such injuries or death are caused by the wanton or wilful misconduct of such operator,* owner, or person responsible for the operation of such motor vehicle. (Emphasis supplied.)

a. An error of judgment or a mistake standing alone, on the part of the host, will not amount to wanton or wilful misconduct.

b. The host must have manifested an attitude adverse to the guest, or of "perverseness", in that the host must have shown he was indifferent to the consequences of his conduct.

c. The entire course of conduct of the host leading up to the accident must be considered.

d. The host must have had actual knowledge of danger confronting the guest.

Consciousness of misconduct by the host by virtue of a warning given by a guest or guests was described by Judge Sullivan of this District in *Mazza* v. *Kelley, supra:*

"We hold that there was sufficient evidence from which a jury might properly find such mental attitude to be here present. It is the evidence of warnings . . . [given the] defendant-appellee's passengers, which together with the sliding of the car would justify a jury's conclusion that the defendant was conscious of his misconduct."

Considering, as we must, the evidence most favorable in support of the trial court's judgment we can do no better than to adopt the Motleys' characterization of the favorable facts in this case:

"The evidence most favorable to Appellees [Motleys] is that the Appellant [Jones], who was drunk, was speeding in rain and dense fog at night when, in conscious disregard of Appellees' warning, he illegally attempted to pass within 25 to 30 feet of an intersection, and in so doing crossed the center line and crashed headon into a vehicle with lights on in its proper lane of traffic."

In addition to *Mazza* v. *Kelley, supra,* there are additional cases finding the requisite adverse mental attitude where warnings have been given under similar circumstances. *Schwing* v. *McKibbin, supra; Morgan* v. *Reneer, supra; Clouse* v. *Peden* (1962), 243 Ind. 390, 186 N.E.2d 1; *Bedwell* v. *DeBolt, supra.*

Favorable evidence before the jury indicated a combination of at least five of the elements involved in wilful and wanton

misconduct.[2] Speeding at night, poor visibility, intoxication, crossing the center line to pass another vehicle at or near an intersection, and a warning from a guest.

These factors were sufficient to convince the jury of Jones' wanton, if not wilful misconduct. *Tuttle* v. *Reid* (1966), 247 Ind. 375, 216 N.E.2d 34.

The necessary perverseness or indifference to the consequences of Jones' conduct being adequately demonstrated by the evidence favorable to the trial court's judgment, it is affirmed.

Sullivan, P.J., and White, J., concur.

NOTE.—Reported at 309 N.E.2d 173.

---

2. A host has been liable for wilful or wanton misconduct when the following elements in combination have been present: Speeding at night, passing two vehicles, and a warning by the guest, *Schwing* v. *McKibbin, supra;* speeding in the daytime, a warning from the guest, and poor visibility, *Morgan* v. *Reneer, supra;* speeding in the daytime, warnings from the guests, and poor visibility, *Mazza* v. *Kelly, supra;* speeding in the daytime and intoxication, *Hubble* v. *Brown* (1949), 227 Ind. 202, 84 N.E.2d 891; and failure to heed a railroad crossing stop sign, *Cheek* v. *Hamlin, supra.*