TUTTLE *v*. REID ET AL.

[No. 30,965. Filed May 6, 1966.]

*William B. Weisell* and *Locke, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, and *Waldo C. Ging* and *Ging & Free,* of counsel, of Greenfield, for appellant.

*John T. Hume III* and *Smith & Jones,* of counsel, of Indianapolis, and *Glenn T. Williams* and *Williams & Cone,* of counsel, of Greenfield, for appellee, Marjorie Mary Reid. *T. L. Davis* and *Davis & Buehl,* of counsel, of Indianapolis and *George Dickmann,* of Greenfield, for appellee, Ralph Dean Grant.

MYERS, C. J.—This case comes to us on petition to transfer from the Appellate Court, pursuant to Burns' Ind. Stat., § 4-215, 1946 Replacement, and Supreme Court Rule 2-23. See *Tuttle* v. *Reid* (1964), 198 N. E. 2d 610.

This is an action for damages based upon personal injuries sustained by appellant's wife who was a passenger in an automobile driven by appellee, Marjorie Mary Reid, which collided with an automobile driven by appellee, Ralph Dean Grant, at the intersection of Spring Mill Road and 73rd Street in Marion County, Indiana. At the conclusion of plaintiff's evidence, the trial court gave the jury a preemptory instruction to return a verdict in favor of appellee Reid. The jury returned a verdict for appellee, Marjorie Mary Reid, based on this instruction. After hearing defendant Grant's evidence, it later returned a verdict in favor of appellee Grant and against appellant Tuttle. Motions for new trial were filed by appellant against each of appellees, which motions were overruled. This appeal followed.

Evidence most favorable to appellees is as follows: Appellant's wife, Mary S. Tuttle, was riding in the front seat of a four-door hardtop automobile with appellee, Marjorie Mary Reid, who was the driver. One Mary Frances Kern was sitting in the middle and next to Mary S. Tuttle who was on the right of the seat. The three of them were going to a bridge-luncheon being given by a mutual friend. It was about 1:00 p.m. on January 16, 1959. The day was cold, but there was no snow, ice or water on the road. They were proceeding north on Spring Mill Road, which is a straight north-south,

two-lane paved road. Seventy-third Street runs east and west and crosses it.

As they approached the intersection at 73rd Street, appellee Grant was driving his motor vehicle in an eastward direction on 73rd Street. This street was a preferential highway, while Spring Mill Road was not. There was a stop sign a few feet south of 73rd on the right-hand (east) side of Spring Mill Road. As appellee Reid approached the intersection, she did not slow up. Mrs. Kern called out a warning to the effect that there was a car and a stop sign. A Deputy Sheriff said that at the scene of the accident, Mrs. Reid gave the explanation that they were all laughing and talking, and she saw the stop sign after it was too late. Appellee Grant sounded his horn and attempted to apply his brakes, but appellee Reid had entered the intersection without stopping, saying: "If I speed up, do you think I can beat it?" She attempted to accelerate, but the collision took place immediately.

The evidence is uncontradicted that appellee Reid was unaware of the stop sign until the warning was given by Mrs. Kern as they were passing a house on the southeast corner of the intersection. At the time, appellee Reid was traveling at a speed of approximately forty miles per hour, which was ten miles per hour over the speed limit which was thirty miles per hour. As a result, the evidence shows that it was impossible for her to stop at the stop sign, and she had a very short time to act when she became aware of the peril.

Appellant's wife suffered severe injuries because of the accident, and her husband, appellant herein, sued for loss of services.

Appellant may recover for his wife's injuries against appellee Reid only if the above facts are sufficient to warrant a finding that she was guilty of "wanton or wilful" misconduct under the Indiana Guest Statute, which reads as follows:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss

or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle." Burns' Ind. Stat., 1965 Replacement, § 47-1021.

The action taken by the trial court in directing a verdict favorable to Mrs. Reid was proper only if all the evidence favorable to appellant and all the inferences which reasonably might have been drawn therefrom were not sufficient to establish wilful or wanton misconduct on the part of appellee Reid. Under these circumstances, a trial court may properly give a peremptory instruction to find for the defendant. *Reynolds, Admtrx., etc.* v. *Langford* (1961), 241 Ind. 431, 172 N. E. 2d 867.

Here there was no conflict in the evidence. There seems to be a question that appellee Reid may have been careless and negligent in the operation of her automobile at the intersection where the collision occurred. But does this mean that she could be held liable under the terms of the Guest Statute? In regard to "wanton and wilful" misconduct on the part of the operator of a motor vehicle, this court has said as follows:

"Accordingly, the foregoing decisions are consistent with the proposition that the misconduct of a host driver, in order to bring it within the purview of the guest statute [§ 47-1021], *supra,* must be committed while the driver is possessed of a mental attitude with respect to both his driving and his guest, which is adverse to the welfare of his guest. This mental attitude is necessary if the conduct of the operator is to be described as being either 'wanton or wilful' misconduct.

\* \* \*

"As stated \* \* \* in the concurring opinion of *Brown* v. *Saucerman, supra* [237 Ind. 598, at page 619]:

" 'To be guilty of *wanton* misconduct within the meaning of the statute (§ 47-1021, *supra*), the driver must (1) be conscious of his misconduct; (2) be motivated by a desire to assert himself or his interests above or beyond, or in reckless indifference for, the safety of his guest, and (3)

he must do so knowing that his conduct subjects them to a * * * probability of injury.' [Our italics.]" *Clouse, etc.* v. *Peden* (1962), 243 Ind. 390, 396, 397, 186 N. E. 2d 1, 3, 4.

And as said in *Reynolds, Admtrx., etc.* v. *Langford, supra,* at pages 438, 439 of 241 Ind., at page 870 of 172 N. E. 2d, as follows:

"The rule as to what is necessary to show 'wilful or wanton' misconduct is succinctly stated in *Bedwell* v. *De-Bolt, supra* (1943), 221 Ind. 600, at page 607, 50 N. E. 2d 875, as follows:

" 'To hold one guilty of "wilful" or "wanton" conduct, it must be shown that he was conscious of his conduct and with knowledge of existing conditions that injury would probably result, and with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some duty which produced the injuries.'

"*In Sausaman* v. *Leininger* (1958), 237 Ind. 508, 514, 146 N. E. 2d 414, 418, this court added,

" 'We concur in the fact that to constitute "wilful or wanton misconduct" there must be a "perverse motive," in that the misconduct must be conscious and intentional and of such a nature that under the known existing conditions injury will probably result therefrom.' "

In the present case there is a total lack of evidence as to any mental attitude on the part of the driver which was adverse to the welfare of the guest or which might be considered as a "perverse motive" in that the misconduct was conscious and intentional, and that the driver under the known circumstances knew that injury would probably result therefrom. The statement made by appellee Reid: "If I speed up, do you think I can beat it?," if it tends to prove anything, only tends to prove that she was concerned with the welfare of herself and guests in connection with the consequences of her actions.

In so far as appellee Reid is concerned, the judgment of the trial court must be affirmed.

As to appellee Grant, after trial and due consideration, the jury found in his favor. Error is claimed in that the trial

court gave Court's Instruction No. 11, Appellee Grant's Instruction No. 10, and refused to give Appellant's Instruction No. 7.

Court's Instruction No. 11 pertained to contributory negligence on the part of appellant's wife; that if in the exercise of reasonable care she should have seen the approaching car and by warning the driver could have prevented the collision, and her failure to do so proximately contributed to cause the collision, appellant could not recover. It is claimed that this is a mandatory instruction and states a duty of lookout and to warn that is more onerous than the law imposes upon a passenger.

However, the jury could have found from the facts set forth that appellant's wife did not exercise all the care a reasonable person would have under like circumstances. Where there is conflicting evidence, questions of negligence, proximate cause and contributory negligence are questions of fact for the jury. *Baltimore & Ohio R. Co.* v. *Patrick, Admtrx.* (1960), 131 Ind. App. 105, 166 N. E. 2d 654. There was no error in giving this instruction.

Appellee Grant's Instruction No. 10 pertained to sudden emergency; that appellee Grant, when confronted with a sudden emergency, only had to use the care of the ordinary prudent man when confronted with such an emergency, and was not required to use every possible precaution to avoid injury; that if he acted in such manner, the verdict should be for the defendant Grant.

It is claimed that this is a mandatory instruction and invades the province of the jury. This instruction is very similar to one tendered, but not given, in the case of *Gamble* v. *Lewis* (1949), 227 Ind. 455, 465, 85 N. E. 2d 629, 634. It reads as follows:

> " 'I instruct you that the duty imposed upon the defendant did not require her to use every possible precaution to avoid injury to the plaintiff; nor that the defendant should have employed any particular means, which it may

appear after the accident would have avoided it; nor was the defendant required to make accidents impossible. The defendant was only required to use such reasonable precaution to prevent the accident and consequent injury as would have been adopted by ordinarily prudent persons under the circumstances as they appeared prior to the accident * * *.' "

This court reversed the judgment of the trial court for its refusal to give this instruction, saying:

"Under the facts in this appeal involving the doctrine of sudden peril, this instruction should have been given, and its refusal was error."

We can find no error in giving Appellee Grant's Instruction No. 10.

Appellant argues that his tendered Instruction No. 7 should have been given, which is to the effect that it is the duty of every motorist to maintain a lookout for traffic approaching or in an intersection, even though he is on a preferential highway, and that if it is found that the motorist did not maintain such reasonable lookout and appellant's wife was injured as the proximate result thereof, the verdict must be for the plaintiff. It is claimed that the failure to give this instruction was prejudicial. However, it is shown by the record that appellant tendered other instructions which amply covered the same subject-matter of his tendered Instruction No. 7 and which were accepted and given by the trial court. There was no error in refusing to give this instruction.

Judgement affirmed.

Arterburn, J., concurs. Jackson, J., concurs in result. Achor and Rakestraw, JJ., not participating.

NOTE.—Reported in 216 N. E. 2d 34.