ZIBE JULIUS BUTCHER *v.* CLAYTON R. HULL

[No. 768A117. Filed November 16, 1970. Rehearing denied December 18, 1970.]

*Malcolm Aukerman,* of Newport, *Dix, Dix, Patrick, Ratcliffe & Adamson,* of Terre Haute, for appellant.

*Thomas & Thomas,* of Brazil, *Edbert P. Zell, Jr.,* of Clinton, for appellee.

CARSON, J.—This action was commenced by the plaintiff-appellee against the defendant-appellant for personal injuries sustained in an automobile accident which plaintiff-appellee alleged was the result of the wanton misconduct on the part of the defendant host driver. Appellee filed two amended complaints, to the last of which the defendant-appellant filed answer under Rule 1-3, Rules of the Supreme Court of Indiana. Various pleadings and motions were filed in making up the issues, but such are not before us for the purpose of this appeal.

The issues were tried to a jury which rendered a verdict for plaintiff in the amount of $15,000, upon which the court entered consistent judgment.

Appellant timely filed motion for a new trial with a supporting memorandum, which motion was overruled by the trial court. The overruling of the motion for a new trial is the sole assignment of error in this case.

Appellant presents first for argument and discusses jointly specifications Nos. 3, 4, 5B and 7, which are as follows:

"3. The verdict of the jury is not sustained by sufficient evidence.
"4. The verdict of the jury is contrary to law.
"5B. The Court erred in overruling defendant's motion made at the close of all the evidence to instruct the jury to return a verdict for the defendant.
"7. The Court erred in overruling defendant's motion made at the close of all the evidence to instruct the jury to return a verdict for the defendant."

## VERDICT OF THE JURY IS NOT SUSTAINED BY SUFFICIENT EVIDENCE.

In determining the rule of law applicable to the evidence most favorable to appellee and all of the inferences that may

be drawn therefrom, we call attention to the definition of wanton misconduct as set out in *Clouse, etc.* v. *Peden* (1962), 243 Ind. 390, at 397, 186 N. E. 2d 1, at 4, wherein our Supreme Court, quoting from *Brown* v. *Saucerman* (1958), 237 Ind. 598, at 619, 145 N. E. 2d 898, at 907, stated as follows:

> " 'To be guilty of *wanton* misconduct within the meaning of the statute (§ 47-1021, *supra*), the driver must (1) be conscious of his misconduct; (2) be motivated by a desire to assert himself or his interests above or beyond, or in reckless indifference for, the safety of his guest, and (3) he must do so knowing that his conduct subjects them to a . . . probability of injury.' [Our italics.]"

The following evidence contained in appellant's brief and not substantially contradicted by appellee may be summarized as follows:

Both parties were residents of Brazil, Indiana. Appellant and his wife visited appellee and his family on the evening of the accident. Appellee and appellant left together in appellant's Volkswagen. They stopped around 10:00 P.M. in Hap's Tavern. While in the tavern, each had one beer. They left the tavern around midnight, and after making various other stops, had coffee at the Kerr residence, and then started home. Appellee asked if he could drive and appellant refused and further told him the route that they were going to take home. The evidence shows, however, that appellant was not familiar with the particular section of town where the Kerr residence was located. It is stated that at that time there was frost on the exterior of the windshield and both parties attempted to clean it off.

Appellant then started the vehicle, drove west three-quarters of a block, turned left on Warren Street, the surface of which was oiled gravel, and proceeded south at approximately thirty to thirty-five miles an hour. Approximately two blocks after starting south on Warren Street, the Volkswagen hit a

chuckhole and something was said about the road being rough and also there was conversation made about the defrosting on the Volkswagen.

Following the Volkswagen hitting the chuckhole, appellant slowed down to about twenty miles an hour and then resumed a speed of thirty to thirty-five miles per hour. They continued on Warren Street for approximately three blocks, which is a residential street, and then entered the intersection of Compton and Warren Streets where Warren Street "T"'s with Compton. The grade of Compton Street is approximately six inches to a foot higher than Warren Street and south of this "T" intersection is a small drainage ditch of six to nine inches deep with level ground on the other side and a tree located forty to fifty feet from the roadway of Compton Street. Appellee did not see the "T" intersection coming up and the Volkswagen hit a tree which would be located in the continuation of the continuation of the southbound lane of Warren Street.

Appellee, on cross-examination, testified as follows:
"Q. From the time you left the Kerr residence until the time of the collision in question did you personally have any fear as to the manner in which Mr. Butcher was driving his Volkswagen?

\* \* \*

"A. As I remember, no.
"Q. As I remember, no. And during that period of time you did not warn him, caution him, admonish him or say anything to him about the manner and the operation of this automobile, did you?
"A. I can't remember that I did."

In *Brueckner* v. *Jones* (1970), 146 Ind. App. 314, 255 N. E. 2d 535, 20 Ind. Dec. 315 (Transfer denied), this court extensively reviewed the subject of wanton and wilful misconduct under the Indiana Guest Statute, Acts 1937, ch. 259, § 1, p. 1229, Ind. Stat. Anno., § 47-1021, Burns' 1965 Repl. In that case defendant-appellant was granted a new trial on the ground that the necessary mental element essential for

a judgment favoring plaintiff under the Guest Statute was missing. We believe this case is very similar to *Brueckner* in that respect. In *Brueckner* this court cited several cases which held that for wanton *or* wilful misconduct to exist "there must be a 'perverse motive' in that the misconduct must be conscious and intentional and of such a nature that under the known existing conditions injury will probably result therefrom." *Brueckner* v. *Jones, supra,* citing *Sausaman* v. *Leininger* (1958), 237 Ind. 508, at 514, 146 N. E. 2d 414, at 418.

Appellant's actions might amount to an act of negligence considering the surrounding circumstances, but we fail to find any grounds which would support a verdict in favor of wanton action.

In concluding the opinion in *Brueckner* v. *Jones, supra,* this court set out four guidelines indicated from past decisions of the Supreme and Appellate Courts of Indiana, which are as follows:

"a. An error of judgment or a mistake standing alone, on the part of the host, will not amount to wanton or wilful misconduct.

"b. The host must have manifested an attitude adverse to the guest, or of 'perverseness', in that the host must have shown he was indifferent to the consequences of his conduct.

"c. The entire course of conduct of the host leading up to the accident must be considered.

"d. The host must have had actual knowledge of danger confronting the guest."

The evidence most favorable to the appellee and all reasonable inferences which could be drawn therefrom in the case before us, we believe, *fails* to show that the accident was more than an error of judgment or a mistake.

Nowhere does the evidence point out that appellant manifested an attitude adverse to the safety of himself or his passenger, and, furthermore, appellee at no time during the

course of events which led up to the accident expressed fear or gave notice to appellant that his conduct was in any manner improper.

Appellee alleges in his brief that appellant knew at all times where he was going, but we can find no probative evidence to substantiate the allegation and, in fact, the weight of the evidence tends to show the contrary. Even if such evidence existed as to appellant's knowledge of his whereabouts, that fact alone would not justify a verdict of wanton misconduct.

In reviewing this case we have failed to find any evidence which would sustain the verdict of the jury that defendant-appellant was guilty of wanton misconduct and, therefore, the verdict of the jury is thus not sustained by sufficient evidence. The judgment of the trial court should be reversed.

Judgment reversed with instructions to grant appellant's motion for a new trial.

Lowdermilk, C.J., Lybrook and Sullivan, JJ. concur.

NOTE.—Reported in 263 N. E. 2d 548.