THE OHIO CASUALTY INSURANCE COMPANY *v.*
EDMUND VERZELE, ET AL.

[No. 770A123. Filed March 8, 1971.]

*Roland Obenchain, Thomas F. Lewis, Jr.*, of South Bend, for appellant.

*F. Richard Kramer*, of Mishawaka, for appellees.

SHARP, J.—The Plaintiff-Appellant, The Ohio Casualty Insurance Company, submitted its supplemental complaint for damages designating the Appellees, Edmund Verzele, Steve S. Eazsol and Julia Eazsol, as defendants to the trial court without a jury. At the close of the Appellant's case in chief, the Appellees filed and the trial court granted a motion for finding against the Appellant and judgment was entered thereon.

The Appellee, Eazsol, was insured by what is commonly known as a Home Owners Insurance Policy by the Appellant Insurance Company, which policy contained the following exclusion:

"Section II of this policy does not apply:

(a) To (1) any business property of an Insured, or any business pursuits in connection with a business solely owned by an Insured or owned by a partnership of which an Insured is a partner, * * *."

On December 6, 1968, while the Appellee Eazsol and the Appellee Verzele were engaged in the removal of a metal band from a radiator on the premises of Appellee Eazsol's home a fragment thereof struck Appellee Verzele in the eye causing injury, which resulted in Appellee Verzele filing a law suit against Appellee Eazsol. The Appellant Insurance Company defended the case of Verzele v. Eazsol under a reservation of **rights agreement**. An adjuster for the Appellant made an investigation including an oral interview and obtained a written statement from the Appellee Eazsol. Eazsol's written statement stated:

"I am Steve S. Eazsol and I live at 820 E. Battell St. in Mishawaka, Ind. On 12-6-68, about 11:30 A.M., my son-in-law, Edmund Verzele, was helping me strip down some automobile radiators. Both he and I do auto repair work and we collect junk parts. We then help each other tear the parts apart and junk them. We make our livings this way. On 12-6-68, about 11:30 A.M., we were stripping a radiator shroud from the radiator core. Somehow my son-in-law got a small piece of metal in his eye. The metal went in through the eyelid of the left eye. He noticed the bleeding first but the next day the eye was not good. He went to Dr. Hall in South Bend and surgery was needed to get the metal out. I have read the above and it is correct."

This statement was admitted in evidence without objection.

Likewise, a statement was taken from Appellee Verzele which stated:

"I am Edmund Verzele and I live at 56220 Fir Road, in Mishawaka, Ind. I repair washers and dryers and furnaces and sometimes work on cars. Most of these things I do in my own garage. I also do snow plowing. On 12-6-68, about 11:30 A.M., I was at the home of my father-in-law, Steve Eazsol, at 820 E. Battell St., in Mishawaka, Ind. He had called me and asked me to help him tear up some car radiators. I was holding a radiator and he was chiseling on it. A piece of metal hit me in the left eye. Steve Eazsol does auto repair work at his home. I expected no money from Mr. Eazsol and was just helping him as a favor. I have read the above and it is correct."

Likewise, this statement was admitted in evidence without objection.

Considering the evidence and the admissions and pleadings most favorable to the Appellant the following facts were established:

"1. Eazsol and Verzele do auto repair work and collect junk parts.

2. Eazsol and Verzele work with each other tearing down the parts and salvaging them.

3. On the day of the accident, Eazsol and Verzele were stripping automobile radiators (emphasis added) so the different metals could be sold or salvaged.

4. They make a living doing this salvage.

5. Eazsol filed several tax returns in which he listed *only* his home address as his business address.

6. The applicable policy of insurance does not have coverage for accidents connected with business pursuits.

7. At the time of the accident, Eazsol and Verzele were involved in a business pursuit.

8. The insurance adjuster, at the time of his investigation, told Eazsol that he was engaged in a business pursuit at the time of the time of the accident.

9. The plaintiff insurance company wrote Eazsol that there was no coverage because of the business pursuit engaged in at the time of the accident.

10. Eazsol never denied that he was involved in a business pursuit at the time of the accident."

Also, a copy of Appellee Eazsol's federal income tax return for the calendar year 1968, including Schedule C for the year in question, was admitted into evidence without objection. Schedule C of said federal income tax return listed Appellee Eazsol's place of residence as his business residence and made no other mention of the business address. It also reflected gross receipts from business conducted at that address in the sum of $1946.36.

The rule of practice applicable to the action of the trial court in this case is trial rule 41(B) of the Indiana Rules of Civil Procedure which provides:

"Involuntary dismissal: Effect thereof. After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that considering all the evidence and reasonable inferences therefrom in favor of the party to whom the motion is directed, to be true, there is no substantial evidence of probative value to sustain the material allegations of the party against whom the motion is directed. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff or

party with the burden of proof, the court, when requested at the time of the motion by either party shall make findings if, and as required by Rule 52(A). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (e) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

The comments of the Civil Code Study Commission in regard to Rule 41(B) are helpful. As found in Volume 3 of Harvey's, Indiana Practice, page 212, these comments state:

"This subdivision provides for an involuntary dismissal upon motion of the opposing party after the plaintiff or party with the burden of proof upon an issue has completed presentation of his evidence, on the ground that upon the facts and the law he has shown no right to relief. This fulfills the function of a motion for a directed verdict in a jury case (a motion for judgment on the evidence under Rule 50). It will not modify present Indiana practice to any degree. In Indiana, a defendant may move for a finding in his favor at the conclusion of the plaintiff's evidence without reserving the right to proceed with his evidence in the event the motion should be denied. He is not precluded from introducing his evidence if he timely requests the right to do so after his motion is overruled. Smith v. Markun (1954), 124 Ind. App. 535, 119 N. E. 2d 899 (where the plaintiff presented his evidence in attempting to get an injunction against defendants to stop them from picketing, the defendants then moved for a finding in their favor without reserving in their motion the right to proceed with their evidence, the court upheld this right due to the timely request).

It has been held that oral motions for peremptory findings have the same force and effect as written motions, and that it need not be stated wherein there was a failure of proof, or assign reasons for the motion. Ellis v. Auch (1954), 124 Ind. App. 454, 118 N. E. 2d 809.

Under present Indiana law the standard to determine if plaintiff has shown some right to relief is basically the same as under the new rule. Garrett v. Estate of Hoctel, 128 Ind. App. 23, 142 N. E. 2d 449 (1957), where the court held that in ruling on a motion for judgment at the conclusion of plaintiff's case, the motion is tested by the same rules of law as is a request for a peremptory instruction to a jury

and the court may consider only the evidence and reasonable inferences which may be drawn therefrom most favorable to the plaintiff. If there is any evidence from which it may be reasonably inferred the plaintiff was entitled to such relief, it is error to sustain such motion. This decision would also be on the merits as under the new rule. Contrary to the federal version of this rule, findings are required only if either party so requests at the time the motion for dismissal is made—i.e., in cases where the dismissal is made because the plaintiff has failed to establish a right to relief by the evidence."

The critical language in Trial Rule 41 (B) which is relevant to this case is:

"* * * may move for a dismissal on the grounds that considering all the evidence and reasonable inferences therefrom in favor of the party to whom the motion is directed, to be true, there is no substantial evidence of probative value to sustain the material allegations of the parties against whom the motion is directed."

Under the Indiana Practice prior to the adoption of Trial Rule 41 (B) in a court tried case, a party moving for a finding at the close of the plaintiff's evidence raised the same question of a motion for a directed verdict at the same time in a jury case. See Indiana Practice, Wiltrout, § 1637, and the authorities cited therein.

It is apparent from the quoted language of Trial Rule 41 (B) as well as from the comments of the Commission it is not the intent of Trial Rule 41 (B) to change the practice substantially in this regard.

Even in a case tried by the court, on a motion for a finding at the end of the plaintiff's case, the trial court may not weigh the testimony of one witness against the conflicting testimony of another witness nor may it weigh conflicting portions of the testimony of the same witness. See *Tuttle* v. *Reid* (1966), 247 Ind. 375, 216 N. E. 2d 34. In this regard the comments of the trial court in explaining his ruling are revealing. The complete text of his explanation of his ruling is as follows:

"The plaintiff has in essence filed a complaint asking that this Court render a declaratory judgment to the effect that the circumstances surrounding the arising of this accident constituted a matrix of business activity on this property which was excepted by Section II of this policy and further that the insured was guilty of breaching the cooperation clause which is also included in said policy of insurance.

In reviewing the Court's notes the Court finds that hindsight of course is always better than foresight. We have a very skeletal type of statements taken by the adjuster and in Mr. Eazsol's statement there is that phrase that "Edmund was helping me strip down some automobile radiators" plural. 'Both he and I do auto repair work and we collect junk parts and we tear the parts apart and junk them. We make our living this way.'

In Mr. Verzele's statement he says that he, referring to his father-in-law, 'called me and asked me to help him tear up some car radiators.' Plural. This in substance is the plaintiff's case.

Now in reviewing Mr. Burling's testimony he did not tell me where the radiator came from. He was not aware that Mr. Eazsol rented a garage a couple blocks away from his home where he did this automobile work. He didn't go back to look at the radiator or radiators. Did not check the yard or the garage to see if there was some other evidence to support this conclusion of Mr. Burling's that there was a business enterprise conducted on these premises.

The other modicum of evidence supporting the plaintiff's case would be the tax returns, what in my day of practice was called Schedule III. I guess it is still called Schedule C, rather. That the business address is 820 East Battell, Mishawaka. I would say that would be more incriminating if this place of business is elsewhere but as he says he rents one stall of at least a two-stall garage fronting on an alley. I am sure that didn't have a business address so I would say that listing 820 East Battell as his address for purpose of that tax return is incriminating and not indicative of too much. He would not expect mail to be sent to this one stall of this garage he was renting for this auto repair business.

As opposed to that we have in the testimony uncontradicted, cleaning up the yard due to a neighbor's complaint and he was cleaning up a radiator which came off his own automobile eight months previously; that was uncontradicted and he says that he wanted to save the brackets or the shroud for possible use in his business, and though he doesn't admit it, conceivably to sell the radiator, which I

think is made of copper, has some salvage value. He further states that his income from the salvage of any junk that could have been a by-product of his business was about $15.00 a year; that he has never brought junk from his garage business to his home yard for purposes of ultimately selling them for salvage.

The Court feels that on the basis of this record the plaintiff has not as a matter of law satisfied the burden of proof that was imposed upon him and the motion for judgment will therefore have to be granted in favor of the defendants denying the relief prayed for by the plaintiff and costs assessed against the plaintiff."

We cannot say as a matter of law taking all of the evidence in the light most favorable to the Appellant, that the Appellant has failed as a matter of law to prove the activities referred to were not business pursuits, within the meaning of the exclusion above quoted from the Home Owners Policy in question.

Therefore, the decision of the trial court in sustaining the motion of the defendant-appellees for a finding at the close of the case of the plaintiff-appellant was error and this case must be and hereby is reversed and remanded with instructions to overrule Appellant's motion for finding and for all other proceedings consistent with this opinion.

Reversed and remanded.

Hoffman, C.J., Staton and White, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 193.