MARTHA JEAN POWELL *v.* RALPH E. POWELL.

[No. 2-773A155. Filed May 2, 1974.]

*Sherwood Blue,* of Indianapolis, for appellant.

*Tom R. White,* of Noblesville, *Christian, Waltz, White & Kloz, Howard J. DeTrude, Jr., Kightlinger, Young, Gray & DeTrude,* of Indianapolis, for appellee.

HOFFMAN, C.J.—This is an appeal by defendant-appellant Martha Jean Powell from a judgment granting a temporary

injunction enjoining her from going into, upon or about the residence of her husband, plaintiff-appellee Ralph E. Powell, and from accosting, annoying or molesting her husband either at such residence or at any other time and place pending a final hearing on the husband's complaint for an absolute divorce or until further order of the court.

The issue presented for review is whether the trial court abused its discretion in granting such temporary injunction.

The record discloses that on May 22, 1973, Ralph E. Powell filed a complaint for absolute divorce against his wife Martha Jean Powell. The complaint alleged, *inter alia,* that the plaintiff and defendant were married on or about July 20, 1968; that they lived and cohabited together as husband and wife until on or about July 16, 1970; and that on July 16, 1970, they separated, and since have not lived together as husband and wife. The complaint further alleged that prior to the separation, the defendant (wife) was guilty of cruel and inhuman treatment toward the plaintiff (husband).

The record further reveals that on May 22, 1973, the husband filed an application and affidavit for restraining order which alleged, *inter alia,* that the defendant had struck the plaintiff; that on or about May 15, 1973, while the plaintiff was absent from his residence, the defendant broke into and moved out all of the personal property belonging to the plaintiff's daughter; and that thereafter, without the consent or knowledge of the plaintiff, the defendant had all of the locks changed on the plaintiff's residence. The application and affidavit also alleged that the plaintiff feared that unless restrained by an order of the court, the defendant would harm the plaintiff and attempt to occupy his residence.

On the same day, the court entered an order, without notice and without bond, *pendente lite* restraining the defendant Martha Jean Powell "from going about the residence of the plaintiff * * * and from accosting, annoying or molesting the plaintiff * * *." The court further ordered that the defendant appear and show cause why a temporary in-

junction should not issue "enjoining the * * * acts set out above during the pendency of this action."

On June 12, 1973, a hearing was conducted pursuant to the restraining order. Before the hearing had commenced, the court ruled that the defendant was required to present her evidence first by reason of the fact that the order to show cause placed upon her the burden of proof. During the subsequent presentation of defendant's evidence, both the defendant and the plaintiff were called to testify; and at the close of the defendant's case in chief, the plaintiff moved for judgment on the evidence. The court sustained plaintiff's motion and found plaintiff to be entitled to a temporary injunction. Thereafter, this appeal was perfected.

In determining whether the trial court abused its discretion in granting a temporary injunction, we note that the plaintiff, in order to obtain the relief sought, is not required to present such a case as would entitle him to relief in all events.

Rather, it is necessary only that the pleadings and evidence be such as to present a case for proper investigation in equity and disclose that the granting of the relief sought is necessary in order to maintain the *status quo* and prevent conflict between the parties pending the final disposition of the case. See: *Guidone's Food Palace* v. *Palace Pharmacy* (1969), 252 Ind. 400, 248 N.E.2d 354; *The Ind. Annual Conf. Corp. et al.* v. *Lemon, etc.* (1956), 235 Ind. 163, 131 N.E.2d 780. Moreover, the exercise of discretion in this regard on the part of the trial court will not be interfered with unless it is shown that the trial court acted arbitrarily or that the action in question constituted a clear abuse of discretion. See: *Rosenberg, et al.* v. *Village Shopping Center, Inc., et al.* (1968), 251 Ind. 1, 238 N.E.2d 642.

Upon the evidence contained in the record in the case at bar, we are, however, unable to find any abuse of discretion or arbitrary action on the part of the trial court.

On appeal, appellant, in general, asserts that the trial court erred in issuing the immediate temporary restraining order without notice and without hearing.

However, appellant's arguments with regard to the issuance of such order have been rendered moot by reason of the ruling of the trial court which followed the subsequent hearing. The resolution of any such questions arising prior to the hearing in this cause would not, therefore, serve any useful purpose and will not be considered in this appeal.

Appellant next contends that the trial court should have dismissed the action *sua sponte* when, as she asserts, it became apparent from the evidence that the husband's complaint for divorce was prematurely filed. Appellant points to evidence of cohabitation on the part of the parties at the time the husband filed his complaint and further contends that this evidence constitutes proof of condonation.

An examination of the record as a whole does not, however, reveal that the husband's suit was prematurely instituted. Moreover, while any existing evidence of cohabitation may well support the wife's defense of condonation, the question of condonation is properly one for determination by the trial court on the merits of the divorce action and is, therefore, a question with which we are not here concerned.

It is also asserted that the trial court erred in requiring appellant to present her evidence initially during the hearing on the temporary injunction. However, no such argument appears in her assignment of errors and this question may not, therefore, be considered to be a subject properly before this court by reason of Ind. Rules of Procedure, Trial Rule 59(G). The following discussion has, nevertheless, been included in order to clarify questions which may arise with regard to the procedure followed by the trial court.

The ruling of the trial court which required the defendant to present her evidence first was predicated on the assumption

that the order to show cause operated to place the burden of proof upon the defendant. It is, however, to be noted that while the defendant may eventually assume the burden of proving matters of affirmative defense, the burden rests initially upon the plaintiff to prove that he is entitled to injunctive relief. See: *Indiana Cancer Soc.* v. *Marion County Cancer Soc.* (1959), 240 Ind. 89, 161 N.E.2d 769; 43 C.J.S., *Injunctions*, § 190, at 884-887. Further, plaintiff is not relieved of such burden merely because the defendant is required by order of the court to appear and show cause why a temporary injunction should not issue.

Although the order of proof is generally a matter within the discretion of the trial court, Ind. Rules of Procedure, Trial Rule 43(G); *Henderson* v. *State* (1954), 233 Ind. 598, 122 N.E.2d 340; the more expedient procedure in the instant case would require the plaintiff, upon whom rested the burden of the issues, to present his evidence first. It has not, however, been shown that the defendant was, in any manner, prejudiced by the ruling of the trial court in this regard; nor has an abuse of discretion been indicated.

Appellant finally contends that the trial court erred in granting the husband's motion for judgment on the evidence at the close of the wife's evidence.

At this juncture, it must be pointed out that a motion for judgment on the evidence under Ind. Rules of Procedure, Trial Rule 50, cannot be regarded as proper in the instant case which was tried by the court in the absence of a jury. Such a motion is proper only in cases tried before a jury or an advisory jury. *Hoosier Insurance Company* v. *Ogle* (1971), 150 Ind. App. 590, 276 N.E.2d 876; *Clark* v. *Melody Bar, Inc.* (1971), 149 Ind. App. 245, 271 N.E.2d 481. See: 3 Harvey, Ind. Prac.—Rules of Civ. Proc., at 369.

In actions tried by the court without a jury, a motion for involuntary dismissal under Ind. Rules of Procedure, Trial

Rule 41(B), may, in appropriate circumstances, be utilized in order to raise the same question as would be presented by a motion for judgment on the evidence in a jury trial. *Ohio Casualty Ins. Co.* v. *Verzele, et al.* (1971), 148 Ind. App. 429, 267 N.E.2d 193.

In this instance, however, a motion under TR. 41(B), *supra*, would be inapplicable. As for the granting by the trial court of a motion under TR. 50, *supra*, such action must be considered in light of the context in which it was undertaken.

The record herein discloses that the wife called as her first witness the husband who, by his testimony, supported the allegations contained in his application and affidavit for temporary injunction. Thereafter, the wife attempted to rebut virtually all of the evidence presented by the husband's testimony and, in doing so, presented evidence in her favor.

In view of the fact that some evidence was presented favorable to the wife, the trial court could not, in paying strict adherence to the requirements of the test for granting judgment on the evidence, have granted the husband's motion.

Although the trial court erred in granting the husband's improper motion, appellant does not show in what manner, if any, she was prejudiced by such error. The record indicates that both the husband and wife testified. The husband made his motion after the wife had rested her case. The wife had no more evidence to present and it was then solely the prerogative of the husband to introduce additional evidence if he desired. In effect, the wife could do no more than await the trial court's final determination. At this stage of the proceedings the trial court committed no prejudicial error in weighing the evidence which had been adduced. See: *Farm & Home Ins. Co.* v. *Templeton* (1967), 142 Ind. App. 110, 232 N.E.2d 367 (transfer denied). It must be considered that the granting of the husband's motion was harmless and, therefore, subject to the mandate of Ind. Rules of Procedure, Trial Rule 61, which provides as follows:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

In the case at bar, there has been no abuse of discretion or arbitrary action on the part of the trial court. The action taken is consistent with substantial justice and the granting of the husband's motion for judgment on the evidence did not affect the substantial rights of the parties.

The judgment of the trial court granting the temporary injunction is, therefore, affirmed.

Affirmed.

Garrard and Lowdermilk, JJ., concur.

NOTE.—Reported at 310 N.E.2d 898.