RICHARD BRADY v. CARMEN ACS, ADMINISTRATRIX OF THE ESTATE OF SANTIAGO LAZARO, DECEASED.

[No. 775S165. Filed March 4, 1976. Rehearing denied May 3, 1976.]

*Marshall E. Williams, Heeter, Johnson, Salb & Williams,* of Indianapolis, for appellant.

*Stephen H. Meyer, Byron M. Chudom, Chudom & Pressler,* of counsel, of Schererville, for appellee.

PRENTICE, J.—Plaintiff's (Appellee's) decedent was a guest passenger in an automobile operated by Appellant (defendant) and was killed in the accident out of which this case arose. Plaintiff brought her action for wrongful death, alleging both negligence and "wilful or wanton misconduct" by the defendant. Plaintiff filed a motion for a pre-trial determination of the constitutionality of Ind. Code § 9-3-3-1, generally referred to as the "Indiana Guest Statute" which precludes liability of hosts for injuries or death of non-paying guest passengers, unless caused by "wilful or wanton misconduct."

The trial court, upon the foregoing motion, ruled that the guest statute was unconstitutional as a denial of the equal

protection of law, and the cause proceeded to trial upon certain stipulations of fact, certain contested issues of fact and contested issues of law.

Following the submission of the evidence, the defendant moved for a directed verdict for the reason that there was no evidence to support a finding of "wilful or wanton misconduct" as required by the guest statute. This motion was denied.

Thereupon, the plaintiff moved for a directed verdict upon the issue of liability, which motion asserted that the only inference that could be drawn from the evidence was that the defendant "negligently" operated his vehicle and thereby proximately caused the decedent's death. This motion was sustained. The jury returned a verdict for the plaintiff, and judgment was rendered thereon.

The issue raised by this appeal has been resolved by our disposition of the identical issue in *Dempsey* v. *Leonherdt (Green)*, 264 Ind. 206, 341 N.E.2d 763, handed down February 16, 1976. In that case, we upheld the guest statute against federal and state constitutional challenges of denial of due process and equal protection of the law.

Both the plaintiff and the defendant have, by their briefs, attempted to inject issues that are not properly before this Court and cannot be determined in this appeal. Defendant contends that if the guest statute is unconstitutional, the cause should be remanded with instructions to enter a verdict for the defendant, inasmuch as there was no evidence of "wilful or wanton misconduct;" whereas the plaintiff charges that viewing the evidence favorable to the plaintiff (appellee) and with a view towards upholding the judgment if sustainable upon any theory, we should affirm the judgment notwithstanding the constitutionality of the guest statute.

The plaintiff's argument that an affirmance is required if a judgment can be sustained upon any theory presented by

the issues is misplaced here, as the theory of one of the defenses was expressly excluded from the issues by the trial court's pre-trial ruling. Therefore, the judgment cannot be affirmed.

Neither can we order a directed verdict for the defendant, however, because there has been no determination by either the jury or the trial judge that the evidence of "wilful or wanton misconduct" was insufficient.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 342 N.E.2d 837.