JACK FIELITZ v. THERESA S. ALLRED.

[No. 3-1275A283. Filed July 13, 1977.]

*Ronald Frybarger, Edward E. Beck,* of Fort Wayne, for appellant.

*William F. McNagny,* of Fort Wayne, for appellee.

HOFFMAN, J.—Plaintiff-appellant Jack Fielitz brought an action against defendant-appellant Theresa S. Allred for injuries sustained while riding as a passenger in an automobile driven by Allred. Trial to the court resulted in the granting of appellee's motion for dismissal at the close of appellant's case-in-chief. Appellant contends on appeal that the Indiana Guest Statute is unconstitutional and that the judgment of the trial court is contrary to the evidence and contrary to law.

Appellant's contention regarding the constitutionality of the Indiana Guest Statute was answered adversely to appellant in *Sidle* v. *Majors* (1976), 264 Ind. 206, 341 N.E.2d 763, wherein our Supreme Court held that the guest statute does not violate Art. 1, § 23 of the Constitution of Indiana or the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. *See also, Brady* v. *Acs* (1976), 264 Ind. 285, 342 N.E.2d 837.

The next issue presented for our review concerns the proper test to be applied under Indiana Rules of Procedure, Trial Rule 41(B). Appellant contends that the trial court may

only consider the evidence and reasonable inferences most favorable to the nonmoving party, 3 Harvey, Ind. Pract.— Rules of Civ. Proc., *Civil Code Study Commission Comments*— Rule 41(b), at 212 (1970); *Ohio Casualty Ins. Co.* v. *Verzele, et al.* (1971), 148 Ind. App. 429, 267 N.E.2d 193, whereas appellee asserts that the trial court may weigh the evidence and decide for whom it preponderates. 3 Harvey, Ind. Pract. —Rules of Civ. Proc., *Author's Comments*—41.2, at 217 (1970); *Emerson Electric Co.* v. *Farmer* (5th Cir. 1970), 427 F.2d 1082; *Ellis* v. *Carter* (9th Cir. 1964), 328 F.2d 573.

The resolution of this question is controlled by our decision in *Building Systems, Inc.* v. *Rochester Metal Prod., Inc.* (1976), 168 Ind. App. 12, 340 N.E.2d 791. There we set forth the test to be applied under Trial Rule 41(B), *supra,* its comparison to the Federal rule, and our scope of review when considering such motions on appeal:

> "The language of this rule requires the trial court to consider only the evidence and inferences most favorable to the non-moving party in ruling upon such a motion. The trial court may not weigh the testimony of one witness against the conflicting testimony of another witness, nor may it weigh conflicting portions of the testimony of the same witness. *Ohio Casualty Ins. Co.* v. *Verzele et al.* (1971), 148 Ind. App. 429, 267 N.E.2d 193. Thus, our Trial Rule 41(B), *supra,* differs from Federal Rule 41(b) in that under the Federal Rule the trial court need not consider only the evidence and reasonable inferences therefrom most favorable to the non-moving party, but is free to determine whether the plaintiff (or party with the burden of proof) has established a right to recovery by a preponderance of the evidence during his case-in-chief. *Emerson Electric Co.* v. *Farmer* (5th Cir. 1970), 427 F.2d 1082; *Ellis* v. *Carter* (9th Cir. 1964), 328 F.2d 573, 577; *Motorola, Inc.* v. *Fairchild Camera and Instrument Corp.* (DC Ariz., 1973), 366 F. Supp. 1173, 1176. See also: 9 Wright and Miller, Federal Practice and Procedure, § 2371, at 224-225; Moore's Federal Practice, Vol. 5, § 41.13[4], 1155-60.
>
> "Because the trial court may consider only the evidence and inferences favorable to the non-moving party in ruling upon a motion for involuntary dismissal, this Court must

determine whether there was evidence introduced which would have been sufficient to support a recovery by such party when the granting or denial of such a motion is an issue on appeal. In the case at bar, then, the issue is whether the trial court properly found that there was no substantial evidence of probative value which would have supported the material allegations of the [plaintiff]." (At 14 of Ind. App., at 793 of 340 N.E.2d.)

Thus we turn to the application of the standard in light of the evidence presented. The facts most favorable to the appellant passenger establish that on November 17, 1973, appellant was at Rack & Helen's Tavern when appellee and her brother-in-law Terrill Lee Dishong arrived at the bar some time between noon and 1:30 P.M. Appellant had never met appellee, but was an acquaintance of Dishong. While at the bar appellee, who was 19 years of age, drank two or three beers; had a discussion with Jon Nott regarding whose automobile was better (appellee had recently purchased a 1968 Camaro) ; and played several games of pool and pinball.

Appellant testified that as they were sitting in the bar talking, they decided to go for a ride in appellee's automobile. Appellee was driving the autmobile and Terry Dishong was sitting in the front seat on the passenger's side. Appellant was sitting in the back seat behind appellee and Jon Nott was sitting in the back seat behind Dishong. Appellee began driving on Edgerton Road in Allen County, Indiana, and was approaching its intersection with Linden Road. Neither appellee nor appellant were familiar with the road. Edgerton Road is a straight, flat, blacktop road, and was dry on the day of the accident. The intersection of Edgerton and Linden is basically an "L" curve, but appears to be a "T" intersection because of the paved highway leading to Grant's warehouse parking lot. There is a warning sign of the impending curve approximately one-fourth mile from the intersection.

During the ride, everyone was engaged in conversation. At some point before the accident appellee reached a speed of 65-70 miles per hour. Appellee did not see the warning sign,

However, as they approached the intersection, Dishong warned appellee of the upcoming curve. Appellant testified that the warning came just moments before the collision itself and that appellee let up on the accelerator. He also recalled appellee gearing the car down at some time. Although appellant heard Dishong's warning, he continued his conversation with Joh Nott up to the point of impact.

Officer Ralph Selking testified that there were skid marks on Edgerton Road starting at the right edge of Linden Road and on across the highway and out to a utility pole in a field. Appellee testified that she was unable to slow down enough to negotiate the turn, and as she tried to make the turn, the car shifted sideways into a field and struck a utility pole. Appellant stated that even though appellee was driving fast, she was nevertheless driving carefully. Moreover, neither appellant nor any of the other passengers complained about appellee's driving.

> " 'To be guilty of *wanton* misconduct within the meaning of the statute (§ 47-1021, *supra*), [IC 1971, 9-3-3-1 (Burns Code Ed.)] the driver must (1) be conscious of his misconduct; (2) be motivated by a desire to assert himself or his interests above or beyond, or in reckless indifference for, the safety of his guest, and (3) he must do so knowing that his conduct subjects them to a . . . probability of injury.' " (Emphasis are those of the Supreme Court.) *Clouse, etc.* v. *Peden* (1962), 243 Ind. 390, at 397, 186 N.E. 2d 1, at 4, quoting from *Brown* v. *Saucerman* (1957), 237 Ind. 598, at 619, 145 N.E.2d 898, at 907.

In evaluating guest cases, our courts have laid down certain guidelines for the trial court to follow:

1. An error of judgment or a mistake standing alone, on the part of the host, will not amount to wanton or wilful misconduct.
2. The host must have manifested an attitude adverse to the guest, or of "perverseness", in that the host must have shown he was indifferent to the consequences of his conduct.
3. The entire course of conduct of the host leading up to the accident must be considered.

4. If the circumstances are such that reasonable men would know and conclude that their conduct under such circumstances entailed a probability of injury, then the host is chargeable with such knowledge. *Barnes, Admr.* v. *Deville* (1973), 155 Ind. App. 387, 293 N.E.2d 54; *Mazza* v. *Kelly* (1970), 147 Ind. App. 33, 258 N.E.2d 171; *Brueckner* v. *Jones* (1970), 146 Ind. App. 314, 327, 255 N.E.2d 535 (transfer denied).

Although the evidence in the case at bar is uncontradicted that appellee had consumed two or three beers shortly before the accident, the evidence is also uncontradicted that appellee's ability to drive the automobile was not impaired thereby. Officer Selking testified that during the course of his investigation of the accident he became aware of the fact that appellee had been drinking but that she did not appear to be intoxicated nor her ability impaired in any way. Appellant had likewise stated that appellee's ability to drive her automobile was not affected by her consumption of alcohol. Thus there is no substantial evidence of probative value to show that appellee's underage drinking contributed in any way to the accident.

In *Tuttle* v. *Reid et al.* (1966), 247 Ind. 375, 216 N.E.2d 34, or Supreme Court affirmed the trial court's action in directing a verdict favorable to the host-driver at the close of the guest-passenger's case-in-chief. There the host and her two passengers were proceeding north on Spring Mill Road in Marion County, Indiana, and approaching its intersection with 73rd Street. Another automobile was approaching this intersection in an eastward direction on 73rd Street. The host-driver and her passengers had been talking and laughing. The host failed to see a stop sign until a warning was given by one of her passengers that there was a car and a stop sign. The host was traveling 10 miles per hour over the 30-mile per hour speed limit, and as a result was unable to stop at the stop sign and had a very short time to act when she became aware of the peril. The host-driver entered the inter-

section saying: "If I speed up, do you think I can beat it?" (At 378 of 247 Ind., at 36 of 216 N.E.2d.)

The court stated that there was no evidence tending to show a "perverse motive", and that the host's statement before entering the intersection only tended to prove the host's concern with the welfare of her guests.

*See also, Butcher* v. *Hull* (1970), 147 Ind. App. 686, 263 N.E.2d 548, wherein the host's consumption of one beer, his failure to see an approaching "T" intersection on an unfamiliar road, and the passenger's lack of protest to the host's manner of driving was found by the court to demonstrate nothing more than an error of judgment or mistake and failed to show any attitude adverse to the guest.

The only evidence in the case at bar which would indicate that appellee possessed a "perverse motive" is that at some time during her two to three-hour stay at the bar, she and Jon Nott discussed whose car was better. It should first be noted that although Jon Nott and Terrill Dishong thought that the purpose of the trip was at least in part to check the performance of appellee's automobile, both appellant and appellee thought they were just going out for a ride. Nevertheless, there is nothing to show that appellee possessed a mental attitude with respect to her driving and her guests which was adverse to the welfare of her guests. Appellant admits that although appellee was driving fast, she was nevertheless driving carefully. Neither appellant nor any other passenger expressed any concern as to appellee's manner of driving. Upon learning of the peril, her conduct shows her concern for the welfare of herself and her guests. Moreover appellant testified that after the warning was given, appellee tried to avoid the accident. Thus there is no showing of a "perverse motive" which would permit a finding of wilful and wanton misconduct.

Finally, it should be noted that even if the trial court weighed the evidence, such error would be harmless in the

case at bar. Appellant called appellee as one of the witnesses in his case-in-chief and she testified as to her version of the facts. Both parties thus testified and the motion came after the appellant had rested his case. It was then appellee's sole prerogative to introduce additional evidence. Thus even if the trial court weighed the evidence which had been adduced, there is no showing how appellant was prejudiced. *Powell* v. *Powell* (1974), 160 Ind. App. 132, 310 N.E.2d 898; Indiana Rules of Procedure, Trial Rule 61. The granting of the motion must be considered harmless error.

The judgment of the trial court is therefore affirmed.

Judgment affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result and dissents in part with opinion.

## OPINION CONCURRING IN RESULT AND DISSENTING IN PART

STATON, P.J.—While I would have affirmed the decision of the trial court, I cannot concur with the majority holding of this Court. The majority, rather than meeting the issue concerning the *propriety* of a trial judge weighing the evidence at the close of a plaintiff's case, pursuant to Indiana Trial Rule 41(B), has merely regurgitated previous Indiana Appellate Court holdings. The problem with this tactic is that those earlier decisions which the majority cites are void of rationale.[1]

---

1. *Ohio Casualty Ins. Co.* v. *Verzele, et al.* (1971), 148 Ind. App. 429, 267 N.E.2d 193, holds that weighing is impermissible. The rationale of the decision in that respect is particularly weak when one realizes that that Court equated TR. 41(B) with TR. 50. The two rules fulfill the same function but are not equal in operation. *See Miller* v. *Griesel* (1973), Ind.App., 297 N.E.2d 463. *Building Systems, Inc.* v. *Rochester Metal Prod., Inc.* (1976), 168 Ind. App. 12, 340 N.E.2d 791, which the majority heavily relies upon, *misquotes* the Indiana rule by substituting the word "only" for the word "all" before "the evidence" which the trial court is to consider. Thus, the distinction which it attempts to draw between the Indiana and the Federal rules fades.

It is pure flummery to suggest on one hand that the trial court *must not weigh any evidence*, and at the same instance maintain that where the court did weigh the evidence here (as the majority admits happened) such weighing is harmless. That result is impossible. Had the trial judge considered *only* the evidence favorable to Fielitz, he would have been able to utilize the following facts in ruling on the TR. 41(B) motion:

(1) Allred had reached a speed of between 55 and 65 miles per hour.

(2) She had failed to observe a road sign.

(3) She had consumed alcoholic beverages illegally (she was a minor at the time).

These facts would certainly constitute *some* evidence that the conduct might be classified as wanton or wilful misconduct under the Guest Statute.

Moreover, contrary to what the majority opinion *purports* to be saying, it *actually* does hold that weighing is permissible *in all cases* where the TR. 41(B) motion comes after the plaintiff has rested. This is the only time that a TR. 41(B) motion is properly made! To attempt to rationalize the necessary interpretation of TR. 41(B), that weighing is proper,[2] under the guise that it is harmless error is a contradiction. The majority opinion only serves to confuse. Since the Indiana Supreme Court has not provided guidance concerning the interpretation of TR. 41(B), such a judicial opinion should be cautiously scrutinized.

If one accepts the holding of the majority that weighing of the evidence is impermissible in ruling on a TR. 41(B) motion, then it is axiomotic that the weighing is *harmful* where,

2. See *Harvey*, INDIANA PRACTICE, Volume 3, pp. 217-218; MOORE'S FEDERAL PRACTICE, Volume 5, pp. 1156-1158.

as here, the plaintiff has presented *some* evidence to support his complaint.[3]

NOTE.—Reported at 364 N.E.2d 786.

---

3. *Powell* v. *Powell* (1974), 160 Ind. App. 132, 310 N.E.2d 898, assumes that if both parties testify during the plaintiff's case-in-chief, this somehow magically removes the requirement that the judge not weigh the evidence. This assumption is not supported by the rule itself, nor by any logical reasoning process. Either the judge is allowed to weigh the evidence, or, as the majority holds, he is not. The rule provides for no *exceptions*. Upon what basis can the majority single out the testimony of the parties as a special circumstance? There is no basis if the holding generally is that weighing is impermissible.