**Francis W. SHAW, Jr., Appellant (Plaintiff),**

v.

**ONULAK CHAIN CORPORATION, Appellee (Defendant).**

**No. 2–177A5.**

Court of Appeals of Indiana, Second District.

Jan. 16, 1980.

Donald G. Yates and James E. Chovanec, Huntington, for appellant.

James W. Bowers, Palmer, Bowers & Brewer, Huntington, for appellee.

SULLIVAN, Judge.

Francis W. Shaw, Jr. (Shaw) appeals from a judgment denying his claim for wages for services performed from April 9, 1964, to February 9, 1966, for Onulak Chain Corporation (Onulak).

Shaw presents two issues:

1. Did the trial court, upon the particular oral motion made by Onulak, err in rendering judgment against Shaw pursuant to Trial Rule 41(B)?

2. Did Shaw offer substantial evidence of probative value on all essential elements of his claim?

The pertinent facts are as follows:

Onulak Chain Corporation was incorporated under the laws of Indiana on March 25, 1963. The corporation apparently originated as the joint endeavor of several acquaintances to manufacture and sell chain. Soon after the creation of the business, Shaw entered into an oral agreement with Eugene Onulak, the president and principal stockholder of the corporation, whereby Shaw would work as a machinist in the business. Onulak agreed to pay Shaw at a rate of four dollars per hour, but upon the condition that Shaw would not be paid until the corporation was "able to pay" and was "a going business and making a profit."

Shaw kept records of the time worked and had accumulated 1,327½ hours, all unpaid. On May 12, 1973, Onulak Corporation was sold to Allied Chains, Inc. On July 19, 1974, Shaw filed his complaint for wages against Onulak and Allied. A motion for summary judgment by Allied was granted.

On August 5, 1971, the case against Onulak was tried to the court. At the conclusion of Shaw's evidence, Onulak moved "the Court for judgment at this time because the plaintiff has failed to prove his claim." The trial court granted the motion and entered judgment for Onulak as follows:

"Defendant moves to dismiss plaintiff's complaint for the reason that plaintiff has failed in his burden of proof under Trial Rule 41(B). Motion sustained. The Court now finds against the plaintiff and for the defendant."

Shaw contends that Onulak's oral motion was in fact a motion for judgment on the evidence pursuant to Indiana Rules of Procedure, Trial Rule 50. He bases this contention solely on the fact that Onulak asked for a "judgment" in its oral motion.

■ It is readily apparent, however, that the tenor and purpose of Onulak's motion was for consideration whether there was substantial evidence of probative value to sustain the material allegations of Shaw's complaint. *See Building Systems, Inc. v. Rochester Metal Products, Inc.* (3d Dist. 1976) Ind.App., 340 N.E.2d 791. The trial court understood the motion as one seeking an involuntary dismissal under TR 41(B) and ruled on it accordingly. The mere failure of Onulak to orally ask for a "dismissal" rather than a "judgment" provides no grounds for reversal.

The proper test to be applied under TR 41(B) is set out in *Building Systems, Inc., supra,* 340 N.E.2d at 793:

"The language of this rule requires the trial court to consider only the evidence and inferences most favorable to the non-moving party in ruling upon such a motion. The trial court may not weigh the testimony of one witness against the conflicting testimony of another witness, nor may it weigh conflicting portions of the testimony of the same witness. *Ohio Casualty Ins. Co. v. Verzele et al.* (1971), 148 Ind.App. 429, 267 N.E.2d 193. Thus, our Trial Rule 41(B), *supra,* differs from Federal Rule 41(b) in that under the Federal Rule the trial court need not consider only the evidence and reasonable inferences therefrom most favorable to the non-moving party, but is free to determine whether the plaintiff (or party with the burden of proof) has established a right to recovery by a preponderance of the evidence during his case-in-chief. *Emerson Electric Co. v. Farmer* (5th Cir., 1970), 427 F.2d 1082; *Ellis v. Carter* (9th Cir., 1964), 328 F.2d 573, 577; *Motorola, Inc. v. Fairchild Camera and Instrument Corp.* (D.C.Ariz., 1973), 366 F.Supp. 1173, 1176. See also: 9 Wright and Miller,

Federal Practice and Procedure § 2371, at 224–225; Moore's Federal Practice, Vol. 5, § 41.13[4], 1155–60.

Because the trial court may consider only the evidence and inferences favorable to the non-moving party in ruling upon a motion for involuntary dismissal, this Court must determine whether there was evidence introduced which would have been sufficient to support a recovery by such party when the granting or denial of such a motion is an issue on appeal."

The evidence most favorable to Shaw is a 1973 tax return which indicates that Onulak had a taxable income of $24,258.97 and was allowed to carry forward as excess of the deduction allowed in previous years a net operating loss deduction of $20,235.19 resulting in net taxable income of $4,023.78. A corporate balance sheet showed that assets exceeded liabilities by $5,541.00.

■ While contracts providing for payment "when financially able" are recognized as sufficiently definite thereby creating a conditional promise, see *Tell City Furniture Co. v. Nees* (1878) 63 Ind. 245; 94 A.L.R. 721 (1935), we find ourselves with no clear-cut guidelines for determining when a business is "profitable" or "able to pay", especially were, as here, such terms were in the subjective contemplation of the parties.

■ *Webster's New World Dictionary* (1968) defines "profit" as "the difference between the income and the costs." The evidence most favorable to Shaw, standing alone, would permit an inference of profitability and ability to pay and could support a judgment on appeal. The dismissal under TR 41(B) was reversible error.

■ The Court of Appeals has examined the limits placed upon the trial court by TR 41(B) in recent years, resulting in less than enthusiastic adherence to *Building Systems, Inc., supra. Puckett v. Miller* (3d Dist. 1978) Ind.App., 381 N.E.2d 1087; *Board of Aviation Commissioners of Clark County v.*

*Schafer* (1st Dist. 1977) Ind.App., 366 N.E.2d 195; *Fielitz v. Allred* (3d Dist. 1977) Ind.App., 364 N.E.2d 786. In *Puckett, supra,* and *Fielitz, supra,* the court upheld involuntary dismissals on the grounds that if the trial court had weighed the evidence in deciding the TR 41(B) motion, any error was harmless as both plaintiff and defendant had presented their versions of the facts during plaintiff's case-in-chief, a situation present in the instant case. We, however, decline to adopt such a basis for decision and agree with Judge Staton's separate opinion in *Fielitz, supra,* 364 N.E.2d at 790, fn. 3, where he states:

"Either the judge is allowed to weigh the evidence, or . . . he is not. The rule provides for no *exceptions.* Upon what basis can the majority single out the testimony of the parties as a special circumstance? There is no basis if the holding generally is that weighing is impermissible." (Original emphasis.)

Although one respected commentator has cloaked the Court of Appeals with the dubious virtue of being "consistently incorrect" on such matters, 3 Harvey, *Indiana Practice* 14 (1979 Supp.), we are mindful of Judge Chipman's admonition in *Puckett, supra,* 381 N.E.2d at 1093, that "[I]t is [not] the function of the Indiana Court of Appeals to either legislate or attempt to amend the existing Trial Rules."

Reversed and remanded.

BUCHANAN, C. J., and SHIELDS, J., concur.